1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM BRETT WHITFORD, et al.,        Case No. 2:24-cv-01650-TLN-CSK

12                     Plaintiffs,

13         v.                               ORDER DENYING WITHOUT PREJUDICE
                                            PLAINTIFFS' REQUEST TO PROCEED
14   LASSEN COUNTY, CALIFORNIA,             IFP, AND REQUIRING PLAINTIFFS TO
                                            RE-FILE COMPLAINT SIGNED BY ALL
15                     Defendant.           PLAINTIFFS

16                                          (ECF No. 2)

17

18         Plaintiffs William Brett Whitford and Jacqueline Marie Costa are representing

19   themselves in this action and seek leave to proceed in forma pauperis ("IFP") pursuant

20   to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons stated below, the Court DENIES

21   Plaintiffs' request to proceed IFP.

22   **I.      LEGAL STANDARDS**

23         All parties instituting any civil action, suit or proceeding in any district court of the

24   United States, except an application for writ of habeas corpus, must pay a filing fee. *See*

25   28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee

26   only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C.

27   _____

28   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
     Civ. P. 72, and Local Rule 302(c).

                                         1

1  § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

2  *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Where there are multiple plaintiffs in a

3  single action, the plaintiffs may not proceed in forma pauperis unless all of them

4  demonstrate inability to pay the filing fee." *Martinez v. Lutz*, 2018 WL 3924266, at *1

5  (E.D. Cal. Aug. 14, 2018) (citation omitted); *see also Anderson v. California*, 2010 WL

6  4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid

7  per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must

8  qualify for IFP status.")

9  **II.       DISCUSSION**

10           **A.       Plaintiffs' Request to Proceed IFP**

11           This action is brought by Plaintiff Whitford and Plaintiff Costa. Compl. at 1 (ECF

12  No. 1). However, there is a single request to proceed IFP. (ECF No. 2.) The request

13  names Plaintiff Whitford and Plaintiff Costa and describes that "neither [plaintiff] is

14  employed. William Brett Whitford is caregiver to blind coplaintiff Jacqueline Marie Costa.

15  She is blind. He receives social security and VA disability. She receives $0.00 monthly."

16  *Id*. at 1. The request, however, is signed only by Plaintiff Whitford. *Id*. at 2. For Plaintiffs

17  to collectively proceed IFP in this action, each plaintiff must submit his or her own

18  separate, signed, and complete IFP application. In the absence of IFP applications for

19  each Plaintiff, the Court is unable to determine whether each Plaintiff qualifies for IFP

20  status. *See Martinez*, 2018 WL 392466, at *1. To proceed in this action, Plaintiffs must:

21  (1) pay the filing fee, or (2) each file a complete and signed application to proceed IFP

22  within thirty (30) days from the date of this order. Plaintiffs are warned that failure to pay

23  the filing fee, or submit complete IFP applications for each Plaintiff, by the prescribed

24  deadline will result in a recommendation that this action be dismissed without prejudice.

25  Accordingly, the Court denies Plaintiffs' request to proceed IFP (ECF No. 2) without

26  prejudice.

27           **B.       Unsigned Complaint by Plaintiff Costa**

28           Additionally, the Complaint is only signed by Plaintiff Whitford. Compl. at 4, 32.

2

Federal Rule of Civil Procedure 11(a) requires that if a party is not represented by an attorney, "[e]very pleading, written motion, and other paper must be signed" by the party personally. In addition, the "paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a); *see also* E.D. Cal. Local Rule 183(b) ("A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address."). Plaintiffs are instructed that while they remain unrepresented, they must each personally sign every pleading, motion, and other paper they submit to the Court and they must include their address, e-mail address, and telephone number on every pleading, motion, and other paper they submit to the Court. Within thirty (30) days from the date of this order, Plaintiffs must re-file their entire Complaint with the signature for each Plaintiff, and include each Plaintiff's address, e-mail address, and telephone number. *See* Fed. R. Civ. P. 11(a); *see also* E.D. Cal. Local Rule 183(b).

## III.    CONCLUSION

In accordance with the above, IT IS ORDERED that:

1.    Plaintiffs' request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice;

2.    Plaintiffs must pay the filing fee or each file a complete and signed application to proceed IFP within thirty (30) days from the date of this order;

3.    Plaintiffs are warned that failure to pay the filing fee or submit complete IFP applications by each Plaintiff by the prescribed deadline will result in a recommendation that this action be dismissed without prejudice;

4.    Plaintiff Costa is directed to provide the Court with a current address in accordance with Local Rule 183 within thirty (30) days from the date of this order; and

5.    Plaintiffs must re-file their entire Complaint with the signature for each Plaintiff, and include each Plaintiff's address, e-mail address, and telephone number within thirty (30) days from the date of this order.

Dated:  December 23, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, whit1650.24