UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRETT WHITFORD, et al., | Case No. 2:24-cv-01650-TLN-CSK |
| Plaintiffs, | ORDER |
| v. | |
| LASSEN COUNTY, CALIFORNIA, | (ECF No. 3) |
| Defendant. | |

Plaintiffs William Brett Whitford and Jacqueline Marie Costa are proceeding in this action pro se.[1] On December 23, 2024, the Court issued an order denying Plaintiffs' request to proceed in forma pauperis ("IFP") and directing Plaintiffs to pay the filing fee or each complete and sign an application to proceed IFP, refile a signed Complaint bearing signatures of each Plaintiff, and for Plaintiff Costa to provide her current address within thirty (30) days of the date of the order. (ECF No. 3.) Plaintiffs were warned that failure to timely pay the filing fee or submit complete IFP applications for each Plaintiff would result in a recommendation that this action be dismissed. (*Id*. at 2.) The applicable deadline has now passed, and Plaintiffs have failed to pay the filing fee or submit IFP applications for each Plaintiff. In addition, to date, Plaintiffs have not filed a Complaint

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

signed by both Plaintiffs, and Plaintiff Costa has not updated her address with the Court.

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving *sua sponte* dismissals under Rule 41(b)); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default). This Court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

The Court has considered whether this action should be dismissed at this juncture due to Plaintiffs' failure to comply with the Court's order. Nevertheless, in light of Plaintiffs' pro se status, the Court first attempts lesser sanctions by issuing this order to show cause. Plaintiffs have fourteen (14) days to respond to this order to show cause and pay the filing fee or each complete and sign an application to proceed IFP, refile a signed Complaint bearing signatures of each Plaintiff, and for Plaintiff Costa to provide her current address. Plaintiffs are warned that the failure to comply with this Court's

order within fourteen (14) days will result in a recommendation to dismiss this action for failure to prosecute.

Dated:  March 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, whit1650.24

order within fourteen (14) days will result in a recommendation to dismiss this action for failure to prosecute.

Dated:  March 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, whit1650.24