UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BRETT WHITFORD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LASSEN COUNTY, CALIFORNIA,<br><br>Defendant. | Case No. 2:24-cv-01650-TLN-CSK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

Plaintiffs William Brett Whitford and Jacqueline Marie Costa, proceeding without counsel, filed this action on June 10, 2024.[1] (ECF No. 1.) On December 26, 2024, the Court issued an order denying Plaintiffs' request to proceed in forma pauperis ("IFP"), and directing Plaintiffs to pay the filing fee or each complete and sign an application to proceed IFP, refile a signed Complaint bearing signatures of each Plaintiff, and for Plaintiff Costa to provide her current address within thirty (30) days of the date of the order. (ECF No. 3.) Plaintiffs did not respond. On March 10, 2025, the Court issued an order to show cause ordering Plaintiffs to respond and pay the filing fee or each complete and sign an application to proceed IFP, refile a signed Complaint bearing signatures of each Plaintiff, and for Plaintiff Costa to provide her current address within

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

fourteen (14) days from the date of the order. (ECF No. 4.) As of April 21, 2025, Plaintiffs have not responded to the Court's orders, have not paid the filing fee, have not each completed and signed an application to proceed IFP, have not refiled a signed Complaint bearing signatures of each Plaintiff, and have not provided a current address for Plaintiff Costa.

I.     **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the Court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This Court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed with prejudice under Rule 41(b):
   (1) the public's interest in expeditious resolution of litigation;
   (2) the court's need to manage its docket;
   (3) the risk of prejudice to the defendant(s);
   (4) merits the availability of less drastic alternatives; and
   (5) the public policy favoring disposition of cases on their.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

II.     **DISCUSSION**

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in

2

favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiffs have failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, the Court has provided Plaintiffs an opportunity to cure deficiencies in their IFP application and Complaint, as noted above, without any response from Plaintiffs, leaving the Court with little alternative but to recommend dismissal. In addition, Plaintiff Costa has not informed the Court of her current address. *See* E.D. Cal. Local Rule 182(f) (imputing a duty on parties to notify the court and parties of any change of address).

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Unfortunately, Plaintiffs' failure to prosecute the case and comply with the rules precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal with prejudice for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

### III.   CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' action be DISMISSED with prejudice; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply

to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 22, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, whit1650.24